UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS ELLIOT KING,

                    Petitioner,                  Case No. 13-cv-14865
                                                 HON. GERSHWIN A. DRAIN

v.

CINDI CURTIN,

                    Respondent.
_____/

## OPINION AND ORDER ACCEPTING MAGISTRATE'S REPORT AND RECOMMENDATION [#11], OVERRULING PETITIONER'S OBJECTIONS [#13], DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS [#1], AND DENYING A CERTIFICATE OF APPEALABILITY

I.      **INTRODUCTION**

        Petitioner Marcus King, proceeding *pro se*, filed his Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Petitioner challenges his 2011 conviction for armed robbery, MICH. COMP. LAWS § 750.529, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Oakland County Circuit Court. On September 29, 2011, the trial court sentenced Petitioner as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to a term of 18 to 40 years imprisonment on the armed robbery conviction, a mandatory consecutive prison sentence of two years on the felony-firearm conviction, and a concurrent jail term of 90 days on the conviction of entering a building without permission, MICH. COMP. LAWS § 750.515.

        Petitioner raises the following claims in his Application:

I.     THE TRIAL COURT UNLAWFULLY DEPRIVED THE DEFENDANT OF
       HIS DUE PROCESS, EQUAL PROTECTION, AND OTHER PROTECTED
       RIGHTS UNDER THE UNITED STATES AND MICHIGAN
       CONSTITUTIONS WHEN IT SCORED 10 POINTS ON OV-4; ON PLAIN
       ERROR AND/OR INEFFECTIVE ASSISTANCE OF COUNSEL GROUNDS THIS
       COURT SHOULD REVIEW THIS ISSUE.

II.    THE TRIAL COURT UNLAWFULLY DEPRIVED THE DEFENDANT OF
       HIS DUE PROCESS, EQUAL PROTECTION, AND OTHER PROTECTED
       RIGHTS UNDER THE UNITED STATES AND MICHIGAN
       CONSTITUTIONS WHEN IT FAILED TO TAKE INTO ACCOUNT ALL
       MITIGATING EVIDENCE IN SENTENCING THE DEFENDANT; ON
       PLAIN ERROR AND/OR INEFFECTIVE ASSISTANCE OF COUNSEL
       GROUNDS THIS COURT SHOULD REVIEW THIS ISSUE.

III.   THE TRIAL COURT UNLAWFULLY VIOLATED THE UNITED
       STATES AND MICHIGAN CONSTITUTIONS IN SENTENCING THE
       DEFENDANT TO A PRISON TERM OF 18-40 YEARS ON A HABITUAL
       OFFENDER 4TH SUPPLEMENT ARISING OUT OF THE ARMED
       ROBBERY CONVICTION; ON PLAIN ERROR AND/OR INEFFECTIVE
       ASSISTANCE OF COUNSEL GROUNDS THIS COURT SHOULD REVIEW THIS
       ISSUE.

III.   THE TRIAL COURT UNLAWFULLY DEPRIVED THE DEFENDANT OF
       HIS DUE PROCESS, EQUAL PROTECTION, AND OTHER PROTECTED
       RIGHTS UNDER THE UNITED STATES AND MICHIGAN
       CONSTITUTIONS WHEN IT FAILED/REFUSED TO GRANT HIM THE
       CORRECT AMOUNT OF JAIL CREDIT AGAINST HIS CURRENT
       FELONY FIREARM SENTENCE; ON PLAIN ERROR AND/OR
       INEFFECTIVE ASSISTANCE OF COUNSEL GROUNDS THIS COURT
       SHOULD REVIEW THIS ISSUE.

V.     THE TRIAL COURT UNLAWFULLY DEPRIVED THE DEFENDANT OF
       HIS DUE PROCESS, EQUAL PROTECTION, AND OTHER PROTECTED
       RIGHTS UNDER THE UNITED STATES AND MICHIGAN
       CONSTITUTIONS WHEN IT ORDERED HIM TO REIMBURSE THE
       COUNTY ATTORNEY FEES IT PAID TO TRIAL COUNSEL WITHOUT
       FIRST HOLDING A HEARING TO DETERMINE IF HE HAD THE
       PRESENT AND FUTURE ABILITY TO PAY THEM; ON PLAIN ERROR
       AND/OR INEFFECTIVE ASSISTANCE OF COUNSEL GROUNDS THIS

2

COURT SHOULD REVIEW THIS ISSUE.

VI.     THE TRIAL COURT UNLAWFULLY DEPRIVED THE DEFENDANT OF
        HIS DUE PROCESS, EQUAL PROTECTION, AND OTHER PROTECTED
        RIGHTS UNDER THE UNITED STATES AND MICHIGAN
        CONSTITUTIONS WHEN IT ENTERED A JUDGMENT OF
        CONVICTION AND SENTENCE ON EVIDENCE THAT IS INSUFFICIENT TO
        SUPPORT THE CONVICTION.

VII.    THE TRIAL COURT UNLAWFULLY DEPRIVED THE DEFENDANT OF
        HIS   CONSTITUTIONAL   RIGHTS   UNDER   THE   UNITED   STATES
        CONSTITUTION, AMEND VI ANDMICH CONST 1963, ART 1, § 20 TO THE
        EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN IT DENIED THE
        DEFENDANT'S REQUEST TO REPLACE TRIAL COUNSEL.

This matter was referred to Magistrate Judge Paul J. Komives, who issued a Report and Recommendation ("R & R") on May 1, 2014, recommending that this Court deny Petitioner's Application for Writ of Habeas Corpus and deny Petitioner's request for a Certificate of Appealability. The Petitioner filed timely Objections to the R & R, which are now before the Court.

Upon review of Magistrate Judge Komives' R & R, Petitioner's § 2254 Application, Respondent's Answer, the Rule 5 Materials, and Petitioner's Objections, the Court finds that Petitioner has failed to demonstrate that he is entitled to habeas corpus relief. The Court will therefore deny Petitioner's Application for a Writ of Habeas Corpus. The Court further finds that Petitioner's request for a Certificate of Appealability will be denied. Accordingly, the Court declines to issue a Certificate of Appealability in this matter.

## II.    FACTUAL BACKGROUND

The Magistrate Judge relied on a recitation of the record by the Michigan Court of Appeals during Petitioner's direct appeal. Petitioner has not objected to this, and the state court's factual findings are entitled to a presumption of correctness unless Petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Treesh v. Bagley*, 612 F.3d 424, 430-31 n.1 (6th Cir. 2010); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001) (citing *Summer v. Mata*, 449 U.S. 539, 546-47 (1981)). The Magistrate Judge also recited the evidentiary summary contained in the prosecutor's brief to the Michigan Court of Appeals. Petitioner objects to the Magistrate Judge's use of the prosecutor's presentation of the facts. Only factual determinations made by a state court are entitled to a presumption of correctness. *See* 28 U.S.C. § 2254(e)(1). Accordingly, this Court will rely solely on the factual determinations made by the state courts.

The Michigan Court of Appeals summarized the facts as follows:

> Jessica Shoemaker ended her waitressing shift at a Coney Island restaurant on the afternoon of December 31, 2010, and, with her cash tips in hand, entered her vehicle in the parking lot. Defendant approached her vehicle and asked for two or three dollars, which she gave him in change. Defendant then reached in Jessica's window and took all of her tip money from her lap. When he saw Jessica's phone in her hand, he pointed a gun at her and told her "don't even think about it." Defendant then tried to enter the vehicle, but was unable to do so. Jessica called her employer, who was still inside the restaurant and, as he and two customers exited the restaurant and approached defendant, defendant fired two shots in the air then left the parking lot. The police located defendant hiding in a garage of a nearby home shortly thereafter.

Dkt. No. 9-6 at 4.

The Michigan Court of Appeals, finding no merit to Petitioner's claims, affirmed Petitioner's conviction and sentence on direct appeal. *See People v. King*, No. 306480, 2013 WL 45691 (Mich. Ct. App. Jan. 3, 2013) (per curiam). The appeals court did, however, remand the issue of Petitioner's responsibility for attorney's fees to the trial court for clarification. *See id.* Petitioner sought leave to appeal these issues to the Michigan Supreme Court; the Supreme Court denied Petitioner's leave to appeal in a standard order. *See People v. King*, 494 Mich. 856, 830 N.W.2d 409 (2013).

Petitioner, proceeding *pro se*, filed the instant habeas corpus action on November 25, 2013. Petitioner raises the same seven claims he raised in the state courts. Respondent filed his answer on March 3, 2014, contending that Petitioner's first four claims are procedurally defaulted, Petitioner's fifth claim is unexhausted, and all of Petitioner's claims are without merit. The Magistrate Judge rejected the disposal of Petitioner's claims on procedural grounds, but found each claim to be meritless.

### III.   LAW AND ANALYSIS

#### a.  Standard of Review

Title 28 U.S.C. § 636 sets forth the standard of review to be employed when a court examines a magistrate judge's report and recommendation. A court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's *de novo* review of the portions of the magistrate judge's report and

recommendation to which Petitioner objects. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 332 (1997). When a state court has adjudicated a state prisoner's claim on the merits, the prisoner must show that the court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding

28 U.S.C. § 2254(d).

Under 28 U.S.C. § 2254(d)(1), "clearly established federal law" refers to the governing legal principle or principles set forth by the Supreme Court. *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). The standard refers to the Supreme Court's holdings, as opposed to its dicta. *See Williams v. Taylor*, 529 U.S. at 379-80. The standard does not require that the state trial court rely on Supreme Court precedent, "so long as neither the reasoning nor the result of the state-court decision contradicts [it]." *Early v. Packer*, 537 U.S. 3, 8 (2002). In determining whether the state court decision was contrary to, or an unreasonable application of, clearly established federal law, the reviewing court may only look to holdings of the Supreme Court issued before the relevant state court decision. *Mitzel v. Tate*, 267 F.3d 524, 530-31 (6th Cir. 2001). A federal court "may [also] look to lower courts of appeals' decisions, not as binding precedent, but rather to inform the analysis of Supreme Court holdings to determine whether a legal principle had been clearly established by the Supreme Court." *Foley v. Parker*, 488 F.3d 377, 382 (6th Cir. 2007).

Under 28 U.S.C. § 2254(d)(1), "the 'contrary to' and 'unreasonable application' clauses [have] independent meaning." 529 U.S. at 405. A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that

reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a materially indistinguishable set of facts. *Id.* An "unreasonable application" of clearly established federal law occurs when the state court identifies the correct legal principle from a Supreme Court decision but unreasonably applies that principle to the facts of the petitioner's case. *Id.* at 412-13. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Instead, an "unreasonable application" occurs where the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *See Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005); *Hill v. Hofbauer*, 195 F. Supp. 2d 871, 878 (E.D. Mich. 2001) (Tarnow, J.) (quoting *Williams*, 529 U.S. at 407).

Under 28 U.S.C. § 2254(d)(2), a federal court determines whether the state court based its decision on an "unreasonable determination of the facts" as follows: the federal court must begin with the presumption that the state court's factual determinations were correct; a habeas petitioner may then overcome this presumption with clear and convincing evidence. *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1).

### 1. Magistrate Erred in Stating Standard of Review

Petitioner objects to the Magistrate Judge's R & R because he purportedly "failed to mention the fact that if the state court decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court

proceeding that Petitioner is then entitled to relief." (Petr.'s Br. 7). Petitioner's objection refers to 28 U.S.C. § 2254(d)(2), discussed above. Magistrate Judge Komives stated the proper standard. *See* Dkt. No. 11 at 10. While Magistrate Judge Komives did not explain the application of that portion of 28 U.S.C. § 2254(d)(2), the omission does not constitute an error in its articulation nor does it lead to an "unreasonable application of [] clearly established federal law." 28 U.S.C. § 2254(d)(1). Moreover, this Court reviews Magistrate Judge Komives' recommendations *de novo*, relying on the standard articulated herein. Accordingly, this Court finds no basis for habeas relief and Petitioner's objection is OVERRULED.

### b. Sentencing Claims

#### 1. Guideline Scoring (Claim I)

Petitioner's first habeas claim asserts that the trial court erred in unlawfully depriving him of due process and equal protection under the U.S. Constitution when it scored 10 points on OV-4 under Michigan's sentencing guidelines. OV-4 is scored at 10 points if the commission of a felony results in "serious psychological injury requiring professional treatment … to a victim." MICH. COMP. LAWS 777.34(1)(a). The sentencing court is instructed to "[s]core ten points if the victim's serious psychological injury may require professional treatment. The fact that treatment has not been sought is not conclusive." MICH. COMP. LAWS 777.34(2).

The Magistrate Judge found that Petitioner's claim is not cognizable in federal court, and is thus not entitled to habeas relief. Petitioner objects by stating the trial court "made no findings of fact" to support a lawful scoring of 10 points on OV-4. Specifically, Petitioner

argues that the state's eyewitness (the victim, herself) testified that "there was no gun" and that petitioner did not "threaten [her]." (Pet. Obj. at 1).

Petitioner's objection is grounded in facts unsupported by the record and it fails to address the dispositive nature of his claim: that it lacks jurisdiction in this Court. The Magistrate Judge correctly stated that a habeas petitioner's claim that a trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987); *Terry v. Trippett*, No. 94-2077, 1995 U.S. Dist. LEXIS 23150, at *3 (E.D. Mich. Aug. 7, 1995). Federal courts sitting in a habeas proceeding have no jurisdiction over perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). Where a petitioner's habeas claim raises issues relating to a trial court improperly scoring or departing from state guideline ranges, petitioner's claims are not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (holding that a petitioner's claim that a sentencing court departed from the Michigan sentencing guidelines presents an issue of state law only; it is thus not cognizable in federal habeas review); *see also Branan*, 851 F.2d at 1508 (holding that a petitioner's claim that a sentencing court misapplied state sentencing guidelines is not cognizable on habeas review). Therefore, the Court finds that habeas relief is unwarranted as to Petitioner's first claim. Petitioner's objection is OVERRULED.

### 2.  Failure to Consider Mitigating Evidence (Claim II)

In his second claim, Petitioner asserts that the state trial court violated his constitutional right to due process during sentencing. Specifically, Petitioner argues that

the trial court failed to consider mitigating factors including his mental health status. (Petr.'s Br. 3-4).

The Supreme Court has required that states consider individual characteristics when sentencing criminal defendants in capital cases. *See, e.g., Tuilaepa v. California*, 512 U.S. 967, 972 (1994); *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976). However, the Court has "repeatedly suggested that there is no comparable requirement outside the capital context [] because of the qualitative difference between death and all other penalties." *Harmelin v. Michigan*, 501 U.S. at 957, 995 (1991) (citing *Eddings v. Oklahoma*, 455 U.S. 104, 110-12 (1982); *Rummel v. Estelle*, 445 U.S. 263, 272 (1980); *Lockett v. Ohio*, 438 U.S. 586, 602-05 (1978); *Woodson*, 428 U.S. at 303-05). The Court has expressly refused to extend this individualized sentencing requirement to non-capital cases. *Id.* at 996. "We have drawn the line of required individualized sentencing at capital cases, and see no basis for extending it further." *Id.*

Accordingly, the state trial court was not required to consider mitigating factors during sentencing. The trial court's failure to do so is not "contrary to" or "an unreasonable application of [] clearly established federal law." 28 U.S.C. § 2254(d)(1). This Court finds no violation of Petitioner's right to due process, and thus, no basis for habeas relief. Petitioner's objection is OVERRULED.

### 3.   Inaccurate Information (Claim II)

In his second claim, Petitioner asserts that the state trial court violated his right to due process by relying upon inaccurate information when it failed to consider unspecified, potentially mitigating evidence. (Petr.'s Br. 3-4). Petitioner objects to the Magistrate Judge's

finding that the state trial court did not rely upon inaccurate information during sentencing.

The Supreme Court has held that a federal court may invalidate a defendant's sentence when "imposed by trial courts in reliance upon material false assumptions of fact." *Eutzy v. Dugger*, 746 F. Supp 1492, 1504 (N.D. Fla. 1989) (citing *Townsend v. Burke*, 334 U.S. 736 (1948)); *United States v. Tucker*, 404 U.S. 443 (1972). In order to invalidate a sentence, improper information must "actually [have] served as the basis for the sentence." *United States v. Jones*, 40 Fed. App'x 15, 17 (6th Cir. 2002) (internal quotation omitted); *see also Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985). "A sentencing court demonstrates reliance on misinformation when the court gives 'explicit attention' to it, 'found[s]' its sentence 'at least in part' on it, or gives 'specific consideration' to the information before imposing sentence." *Lechner*, 341 F.3d at 639 (quoting *Tucker*, 404 U.S. at 444, 447). Thus, a defendant "must show that the sentencing court actually relied on this information and that it was materially false" to be entitled to habeas relief. *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000) (Gadola, J.).

Petitioner's claim is devoid of merit. Petitioner points to no materially false information relied upon by the state trial court during sentencing. Instead, Petitioner argues that the state trial court's failure to consider mitigating factors, such as Petitioner's mental health status, equates to reliance on materially false information. However, failure to consider evidence during sentencing is not akin to relying on materially false information. *See Lechner,* 341 F.3d at 639; *Hanks*, 123 F. Supp 2d at 1074. Moreover, the Supreme Court has held that consideration of such evidence is not required, as explained

11

*supra*. *See Harmelin,* 501 U.S. at 957. Accordingly, this Court finds no violation of Petitioner's right to due process and, thus, no basis for habeas relief. Petitioner's objection is OVERRULED.

### 4.  Proportionality (Claim III)

In his third claim, Petitioner argues that his sentence was disproportionate to the offense. The Magistrate Judge correctly identified *Harmelin* as the controlling authority for proportionality issues arising under the Eighth Amendment. Further, the Magistrate Judge correctly applied the *Harmelin* plurality's threshold test, which finds a narrow proportionality principle under the Eighth Amendment, and, accordingly, limits additional judicial inquiry to those sentences that "[lead] to an inference of gross disproportionality" to the offense. *See id.* at 1005-06. The Magistrate Judge failed to find an inference of gross disproportionality in the Petitioner's sentence.

Petitioner does not object to the Magistrate Judge's articulation or application of the laws governing proportionality under the Eighth Amendment. Rather, Petitioner argues, "the [sentencing court] never stated how it arrived at the [40-year] maximum and did not state any reasons why both the [18-year] minimum and [40-year] maximum sentences were proportionate to the offense and the offender." (Pet. Obj. at 3). Petitioner's argument departs from the dominion of Eighth Amendment law and more closely resembles a due process claim. Such a claim is improperly before this Court because Petitioner never raised it in state court, precluding the exhaustion of his "remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). However, exhaustion is not jurisdictional, and despite the exhaustion requirement a habeas petition "may be *denied* on the merits, notwithstanding

the failure of the applicant to exhaust the remedies available in the courts of the State" 28 U.S.C. § 2254(b)(2) (emphasis added).

Even if Petitioner's claim was properly before this Court, it is without merit. The reach of procedural due process law extends tenuously into state trial courts' sentencing decisions. Due process claims arising out of such decisions are not generally cognizable upon federal habeas review unless the petitioner shows that the sentence imposed exceeds statutory limits or is otherwise unauthorized by law. *McKinney v. Berghuis*, No. 04-10061, 2007 U.S. Dist. LEXIS 63189, at *11 (E.D. Mich. Aug. 28, 2007); *see also Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir. 1987). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). In Michigan, the statutory maximum for armed robbery is life imprisonment. MICH. COMP. LAWS § 750.529. The trial court's sentence of 18 to 40 years remains within the state's statutory limits. The Court finds no merit in Petitioner's quasi-due process claim; Petitioner is not entitled to habeas relief and his objection is OVERRULED.

### 5. Jail Credit for Time Served (Claim IV)

Petitioner objects to the Magistrate Judge's finding that the state trial court properly refused to grant him jail credit, under MICH. COMP. LAWS § 769.11b, for time he spent in custody prior to sentencing. (Petr.'s Br. 4-5).

As an initial matter, Petitioner's objection lacks merit. Michigan's jail credit statute provides that "[w]henever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted," the trial court "shall specifically

grant credit against the sentence for such time served in jail prior to sentencing." Mich. Comp. Laws § 769.11b. However, in this case, Petitioner committed the offenses in question while he was on parole following a prior conviction. The Michigan Supreme Court has held that "the jail credit statute does not apply to a parolee who is convicted and sentenced to a new term of imprisonment for a felony committed while on parole." *People v. Idziak*, 484 Mich. 549, 773 N.W.2d 616 (2009). Rather, "once arrested in connection with the new felony, the parolee continues to serve out any unexpired portion of his earlier sentence unless and until discharged by the Parole Board." *Id.* Here, the state trial court did not apply Michigan law incorrectly when it refused to grant Petitioner credit for time served; the time Petitioner spent in custody after his arrest in this case was properly applied toward an unexpired portion of his earlier sentence.

Moreover, even if Petitioner's argument was sound, a federal court cannot remedy a state court's error in the application of state law on habeas corpus review. *See Estelle*, 502 U.S. at 67-68 ("Today, we re-emphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (noting that a federal court on habeas review "ha[s] no authority to review a state's application of its own laws."). Accordingly, Petitioner is not entitled to habeas relief based on the state trial court's interpretation of Mich. Comp. Laws § 769.11b. Petitioner's objection is OVERRULED.

### 6. Double Jeopardy (Claim IV)

Petitioner objects to the Magistrate Judge's finding that the state trial court's failure to extend credit for time spent in custody prior to sentencing does not constitute a violation of the Double Jeopardy Clause. (Petr.'s Br. 4).

The Double Jeopardy Clause provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted). The protection against multiple punishments for the same offense "is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). Consequently, "[t]he question . . . [of] whether punishments are multiple is essentially one of legislative intent." *Id.* (internal quotations omitted). "[A] state court's determination that a state legislature intended multiple punishments is binding in . . . federal habeas corpus." *Rogers v. Bock*, 49 Fed. App'x 596, 597 (6th Cir. 2002). "Thus, for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination." *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

Here, Petitioner committed the offenses in question while he was on parole following a prior conviction. Petitioner's time spent in custody before sentencing was not a punishment for the offenses in question; instead, Petitioner's time spent in custody was a continuation of an earlier sentence for which he was on parole. *See, e.g., Idziak,* 484 Mich. at 569-70; *Franklin v. Curtain*, No. 2:08-CV-13274, 2010 WL 2232228, at *4 (E.D. Mich. May 27, 2010) (Rosen, J.). Thus, Petitioner was not subject to a second prosecution for committing the same offense, nor was he punished multiple times for the same offense. Accordingly, this Court finds no violation of the Double Jeopardy Clause, and thus no basis for habeas relief. Petitioner's objection is OVERRULED.

### 7.  Attorney's Fees (Claim V)

In his fifth claim, Petitioner argues that the trial court erred in imposing attorney fees pursuant to MICH. COMP. LAWS § 769.1k by not considering his ability to pay. The laws governing federal habeas claims make clear that federal courts may consider a habeas application from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). An order imposing fees or costs on a prisoner does not implicate issues relating to the validity or duration of a prisoner's incarceration, which provide the basis for this Court's jurisdictional scope. Accordingly, challenges to such an order are not cognizable under § 2254. *See Washington v. McQuiggin*, 529 Fed. Appx. 766, 772-73 (6th Cir. 2013); *Ashby v. Paine*, 317 Fed. Appx. 641, 642 (9th Cir. 2008); *Gray v. Perry*, No. 10-cv-13340, 2010 WL 3952848, at *2 (E.D. Mich. Oct. 7, 2010) (Duggan, J); *see also Pulley v. Harris*, 465 U.S. 37, 41, 104 (1984) (noting the alleged failure to comply with state law does not amount to a cognizable claim on habeas review). Therefore, the Court concludes that Petitioner is not entitled to habeas relief on this claim.[1] Petitioner's objection is OVERRULED.

---

[1] The Court notes that, in addition to Petitioner lacking entitlement to habeas relief, the order imposing attorney's fees on Petitioner was fully consistent with Michigan state law vis-à-vis Petitioner's ability to pay. In *People v. Jackson*, the Michigan Supreme Court held that the Michigan constitution requires only that an ability-to-pay hearing be held at the time of the enforcement of the order. 483 Mich. at 271, 286-93, 769 N.W.2d 630 (2009). Here, on remand from the court of appeals, a trial court found that Petitioner's liability for fees extended only to fees for appellate counsel, and that "[i]f the Defendant is incarcerated at the time efforts to collect the appellate fees begin, the Court finds that the Michigan Department of Corrections will make an ability to pay determination in accordance with *People v. Jackson*[.]" *People v. King*, No. 11-236933-FC, slip op. at 1 (Oakland County, Mich. Cir. Ct. Jan. 9, 2013).

### c.   Evidentiary Claims

#### 1.   Sufficiency of the Evidence (Claim VI)

Petitioner's sixth claim contends that the evidence was insufficient to show that he was armed or that he committed an assault (by placing the victim in fear) because, at the time the money was taken, the victim testified that she did not see the gun, nor was she afraid. It was only after the money had been taken, as Petitioner was attempting to enter the victim's car, that the victim saw the gun and became afraid. Petitioner argues that the evidence only supports a conviction of larceny.

The Magistrate Judge correctly articulated the two-tiered standard of review applicable to sufficiency of the evidence challenges. First, under the pre-AEDPA standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Second, under the amended version of 28 U.S.C § 2254(d)(1), a federal habeas court's review is "twice-deferential." *Parker v. Matthews*, 132 S.Ct. 2148, 2152 (2012) (per curiam). A state court's decision that the evidence satisfied the deferential *Jackson* standard is *itself* "entitled to considerable deference under AEDPA." *Coleman v. Johnson*, 132 S.Ct. 2065 (2012); *see also Cavazos v. Smith*, 132 S.Ct. 4 (2011) (per curiam).

The two-tiered review of a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim, and is thus cognizable in a habeas corpus proceeding. However, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n.12 (1977). Thus,

17

federal courts must "look to state law for the 'substantive elements of the criminal offense[.]'" *Coleman*, 132 S.Ct. at 2064 (citation omitted) (quoting *Jackson*, 443 U.S. at 324 n.16). Michigan state law defines armed robbery as: (1) the defendant was engaged in the course of committing a larceny of any money or other property; (2) the defendant used force or violence against a person who was present or assaulted or put the person in fear; and (3) the defendant, in the course of committing the larceny, possessed a real or feigned dangerous weapon or represented that he or she possessed a dangerous weapon. *See People v. Chambers*, 277 Mich. App. 1, 7; 742 N.W.2d 610 (2007).

Importantly, the Michigan legislature has codified the "transactional theory" of armed robbery, wherein "in the course of committing a larceny" "includes acts that occur in an attempt to commit the larceny, or during the commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." MICH. COMP. LAWS § 750.530(2) (unarmed robbery statute); *see also* MICH. COMP. LAWS § 750.529 (defining armed robbery by reference to the conduct proscribed under section 530).

Petitioner objects to the Magistrate Judge's finding that the evidence was sufficient to prove beyond a reasonable doubt that petitioner assaulted the victim and was armed with a weapon "during the commission of the larceny, or in flight or attempted flight after the commission of the larceny." MICH. COMP. LAWS § 750.530(2). Petitioner's objection is without merit. Both the victim and bystanders testified that Petitioner announced his possession of a gun, brandished it separately to the victim and bystanders, and fired shots in the air as Petitioner fled the parking lot. When considering if this evidence is sufficient to support the elements of the substantive offense, the Supreme Court has iterated that the

18

*Jackson* standard does not permit "fine-grained factual parsing" of the evidence, *Coleman* 132 S.Ct. at 2064, nor does it allow this Court to weigh conflicts of the evidence or assess the credibility of the witnesses. *See United States v. Bailey*, 444 U.S. 394, 424-25 (1980).

Applying this standard to the witness testimony, the Court cannot say that the jury's verdict was "so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S.Ct. at 2065. A rational trier of fact could have found that Petitioner fired multiple shots in the air as he fled the parking lot. This would permit a finding that Petitioner was armed during the course of committing larceny, which is defined by the transactional theory to include acts *in flight* from the scene of the larceny. Moreover, a rational trier of fact could have found that Petitioner fired his gun after being confronted by three bystanders who were attempting to retrieve the stolen money. Such a finding supports a conclusion that the gun shots were designed to place fear into the victim or "person[s] who [were] present." *See Chambers*, 742 N.W.2d 610 at 1, 7. Thus, a rational trier of fact could have found that the assault element is satisfied within the temporal construction of the transactional theory (Petitioner fired the gun to ward off potential pursuers *while in flight*, or, in an *attempt to retain possession of stolen property*). Therefore, even if the victim never saw the gun before the money was taken, sufficient evidence exists to provide the basis for a rational jury to find the essential elements of armed robbery beyond a reasonable doubt.

The court of appeal's rejection of Petitioner's claim was reasonable, and Petitioner's objection is without merit. Petitioner's objection is OVERRULED.

### d. Counsel Claims

#### 1. Ineffective Assistance of Counsel

Petitioner claims that his trial attorney failed to raise several objections during sentencing, including objections to the state trial court's guideline scoring calculation, failure to consider mitigating evidence, inaccurate information, proportionality, and jail credit for time served. (Petr.'s Br. 2-6). Petitioner objects to the Magistrate Judge's finding that Petitioner received effective assistance of counsel.

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel attaches when a prosecution is commenced by a formal charge, a preliminary hearing, an indictment, an information, or an arraignment. *See McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991); *see also United States v. Gouveia*, 467 U.S. 180, 189 (1984). The right to counsel includes the right to the effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see also McMann v. Richardson,* 397 U.S. 759, 771, n. 14 (1970).

The Supreme Court has set forth a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. 466 U.S. at 687-8. First, a petitioner must prove that counsel's performance was deficient. *Id.* This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* Second, a petitioner must establish that counsel's deficient performance prejudiced his defense. *Id.* Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.* "Surmounting *Strickland*'s high bar is never an easy task." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011)

20

(quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential . . . and when the two apply in tandem, review is 'doubly' so.'" *Id.*

To satisfy the deficient performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. A petitioner bears the burden of overcoming the presumption that the challenged actions constituted sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Counsel cannot be deemed ineffective for failing to raise a meritless objection. *See, e.g., Bradley v. Birkett*, 192 Fed. App'x 468, 475 (6th Cir. 2006); *Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995); *Burnett v. Collins*, 982 F.2d 922, 929 (5th Cir. 1993). Here, Petitioner's ineffective assistance of counsel claims arise out of trial counsel's failure to

object to alleged errors made during sentencing. However, this Court has reviewed each alleged sentencing error that Petitioner identifies, *supra*, and found that each allegation lacks merit. As a result, Petitioner fails to satisfy both the deficient performance prong and the prejudice prong of his ineffective assistance of counsel claim. Accordingly, this Court finds no violation of Petitioner's Sixth Amendment right to effective counsel and, thus, no grounds for habeas relief. Petitioner's objection is OVERRULED.

### 2.   Denial of Substitute Counsel

Petitioner claims that the state trial court denied him substitute counsel in violation of his Sixth Amendment right to the assistance of counsel. Petitioner objects to the Magistrate Judge's finding that the state trial court did not deprive Petitioner of the constitutional right to counsel. (Petr.'s Br. 6).

The Supreme Court has held that criminal defendants who have counsel appointed by the court have no constitutional right to select preferred counsel. "The right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). "While the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). Accordingly, "[a] criminal defendant who is dissatisfied with appointed counsel must show good cause to warrant substitution of counsel, such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant."

*Smith v. Lochart*, 923 F.2d 1314, 1320 (8th Cir. 1991); *see also United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990).

Petitioner first requested new counsel during the state trial court's preliminary examination. Specifically, Petitioner complained that "me and him are not getting along" and "he don't care – he's going to get paid no matter what he does." Dkt. No. 9-2 at 4-6. Petitioner also complained that his attorney had not raised an issue regarding gunpowder residue. *Id.* at 5. Petitioner alleged that his attorney was not working with him or speaking with his family. *Id.* The judge correctly explained to Petitioner that Petitioner's attorney had not yet had a chance to raise the gunpowder issue because trial had not started. *Id.* at 4. The judge also noted that Petitioner's attorney was not required to keep in touch with Petitioner's family. *Id.* at 6. The judge further explained that, prior to the preliminary hearing, Petitioner's attorney had no need to speak with Petitioner because Petitioner's psychiatric competency evaluation had not yet been completed. *Id.* at 4-5. The Michigan Court of Appeals held that

> At the preliminary examination, defendant requested new appointed counsel, arguing that his counsel had not come to see him and had not communicated with his family. The district court judge indicated that defendant had been at the Forensic Center for a psychiatric evaluation, that there had not been an opportunity for his attorney to see him, and that the attorney was not required to communicate with his family. Defendant did not iterate a difference of opinion between him and trial counsel regarding trial tactics and did not establish any good cause for substitution of counsel. The trial court did not abuse its discretion when it denied defendant's request for new counsel.

*State of Michigan v. King*, No. 306480, 2013 WL 45691, at *4 (Mich. App. Jan. 3, 2013).

Petitioner has not established good cause for a substitution of counsel, "such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication

23

between the attorney and the defendant." *Smith*, 923 F.2d at 1320. "Those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). Petitioner's complaint about trial counsel's strategy was premature; trial counsel had not yet had a chance to present the argument Petitioner raised. Trial counsel later raised the issue at an appropriate time during trial. *See* Dkt. No. 9-5 at 94-95.

Additionally, Petitioner's complaints about poor communication with his attorney do not amount to a "complete breakdown." 923 F.2d at 1320. As the trial court judge noted, Petitioner's attorney did not need to speak with Petitioner before Petitioner's psychiatric evaluation was completed, nor was he required to give details about the case to Petitioner's family at that time. Petitioner's objections do not persuade this Court that the state trial court denied Petitioner adequate representation in violation of the Sixth Amendment. Accordingly, this Court finds no basis for habeas relief. Petitioner's objection is OVERRULED.

### e. Certificate of Appealability

Lastly, Petitioner objects to the Magistrate Judge's conclusion that a Certificate of Appealability should be denied. Before Petitioner may appeal the Court's decision denying his petition for a writ of habeas corpus, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. *Id.*; *In re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may be issued "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires that Petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 524 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner raises no justification for concluding that reasonable jurists would debate the Court's conclusion that Petitioner has failed to make a substantial showing of the denial of his constitutional rights. As such, Petitioner's objection is OVERRULED.

**IV.    CONCLUSION**

For the foregoing reasons, Magistrate Judge Paul J. Komives' Report and Recommendation [#11] is ACCEPTED. Petitioner's Objections [#13] are OVERRULED. Petitioner's Application for a Writ of Habeas Corpus [#1] is DENIED. A Certificate of Appealability shall not issue in this matter.


SO ORDERED.


Dated: August 7, 2014


 /s/Gershwin A Drain
**GERSHWIN A. DRAIN**
UNITED STATES DISTRICT JUDGE